Shauck, J.
The judgment whose reversal is sought in this case was rendered by the court of appeals on a petition in error filed in that, court after the first day of January, 1913, and counsel for the *239 plaintiff in error expressly concede that under the provision of the constitutional amendment of 1912, as construed in the City of Akron v. Roth, 88 Ohio St., 456, this court is without jurisdiction to review that judgment unless its jurisdiction is. saved by the fact that the controversy was presented to this court upon a former petition in error filed prior to said amendments, when our jurisdiction,was clear. In favor of our jurisdiction of the present petition in error, it is contended that the identity of this case with that which was previously in this court is established by the provision of Section 1476 of the General Code that “If a case is disposed of and again comes into court, it shall be taken up as if it had its original place on the docket.” This provision it is said was so construed in Cockley v. Brucker, 54 Ohio St., 214, as to require the overruling of the present motion. What was under consideration by this court in the case cited was procedure in a cause of which the court had undoubted jurisdiction. To that procedure the statutory provision was apt. It is, and then was, a part of the statutory provisions respecting the order ■ in which cases within the jurisdiction of this court should be taken up and determined, and an exception to the general rule that they should be taken up and disposed of in their order. Although the subject of the jurisdiction in error of this court at the time of the passage of this act was conferred exclusively by statute enacted under the constitutional provision that this court should have such appellate jurisdiction as might be provided by law, this statutory provision *240 had no reference whatever to the subject of jurisdiction. Not only the terms of the provision, but its relation to others in the statute, indicate that its clear purpose was to provide that when a subject of litigation between the same parties and upon the same pleadings should appear in this court for a second time, the parties were entitled to have it heard as though it had the number and docket position of its first appearance. That question is quite apart from the question here presented, whether we have jurisdiction of the present petition in error. The provision relates to the pendency of a cause in this court and within its jurisdiction. The present petition in error is excluded from our jurisdiction by the fact, as shown by City of Akron v. Roth, supra, that the case was not pending in the circuit court on the first day of January, 1913. That is, the jurisdiction of this court over the present petition in error is to be determined by the question whether it was or was not pending in the circuit court on said first day of January. To that question the statutory provision has no relation whatever.

Motion sustained.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.